## In re CHICAGO & N. W. RY. CO.

No. 60448.

District Court, N. D. Illinois, E. D.

May 18, 1936.

Stewart & Shearer, of New York City, and Wilson & McIlvaine, of Chicago, Ill., for United States Trust Co. of New York.

Kenneth F. Burgess, of Chicago, Ill., for committee for group of institutional investors.

Meyer Abrams and Norman Asher, both of Chicago, Ill., for Helen S. Asher.

BARNES, District Judge.

This matter came on to be heard on the written objections of Reconstruction Finance Corporation to the continuance of an injunction against it, granted by paragraph 9 of Order No. 1 of this court dated June 28, 1935, and petition of said Reconstruction Finance Corporation for modification and vacation thereof in part.

Paragraph 9 of the order of June 28, 1935, provided as follows: "That all persons and corporations holding collateral heretofore pledged by the debtor as security for its notes or obligations be and each of them is hereby restrained and enjoined from selling, converting or otherwise disposing of such collateral, or any part thereof, until the further order of this Court."

The property which the Reconstruction Finance Corporation desires to have released from the operation of the order of June 28, 1935, is the following:

"$64,000 principal amount of New York Central consolidated 4's of 1998;

"$100,000 principal amount of New York Central and Hudson River Railroad Company's Refunding and Improvement 4½'s, Series A, of 2013;

"20,850 shares of the preferred stock of the Union Pacific Railroad Company of a par value of $100 per share."

The only reason stated by the Reconstruction Finance Corporation for modification of the order is found in the following language of the petition: "11. The restraint of the legal rights of Reconstruction to enforce the terms of its notes aforesaid against all or any part of the collateral consisting of the bonds and stocks of the respective companies, mentioned in paragraph 6 above, may result in irreparable injury to Reconstruction."

The modification of the order is opposed by Mr. Charles P. Megan, trustee of the estate of the debtor, by the United States Trust Company of New York as trustee under the general gold bonds mortgage of 1987, dated November 1, 1897, and

James B. Alley and C. M. Clay, both of Washington, D. C., and Cassels, Potter & Bentley, of Chicago, Ill., for Reconstruction Finance Corporation.

James M. Sheean, of Chicago, Ill., and D. Willard, Jr., of Washington, D. C., for Railroad Credit Corporation.

Charles P. Megan, of Chicago, Ill., pro se.

United States Trust Company of New York as trustee under a trust indenture dated March 1, 1921. Under this mortgage and trust indenture obligations of the debtor in large amounts are outstanding. A committee for a group of institutional investors filed an answer wherein they said:

"* * * that the present market prices of certain collateral of said debtor pledged with said Reconstruction Finance Corporation * * * are now such that it will be in the best interests of the estate of the debtor that said collateral so described should be sold, and that by reason thereof an order should be entered directing said Reconstruction Finance Corporation and the Trustee of said debtor to join in the sale of said collateral, such sales to be made at approximately the present market prices as set forth in said affidavit, and the proceeds of said sales to be credited against the principal amounts of the notes of the debtor now held by said Reconstruction Finance Corporation, and more specifically described in the petition of said Reconstruction Finance Corporation filed herein."

"Wherefore the intervener prays that the court enter an order in conformity with the allegations of this answer, and for such other and further relief as to the court may seem just and proper."

The answer of this committee and the affidavit filed in support thereof do not show that the prices of the collateral in question are likely to be less in the future than they are at the present time.

One Asher also files an answer to the petition of Reconstruction Finance Corporation wherein she says that the court should exercise its jurisdiction by directing a sale of the collateral in question and by transferring liens to the proceeds thereof.

The Railroad Credit Corporation also files a petition for modification of the order of June 28, 1935, so far as the collateral in question is concerned. It appears from said petition that the Railroad Credit Corporation has a second lien on said pledged collateral. The Railroad Credit Corporation adopts as its briefs the briefs of the Reconstruction Finance Corporation.

The trustee in bankruptcy objects to the granting of the prayer of the petition of the Railroad Credit Corporation.

The first proposition relied upon in the brief of the Reconstruction Finance Corporation is phrased by it as follows: "The Bankruptcy Act, including section 77 [11 U.S.C.A. § 1 et seq. and § 205 note] does not undertake to modify the substantive rights of a creditor, secured by a valid pledge of collateral, in and to pledged securities." The court does not understand the foregoing to be a correct statement of the law. See Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pacific Railway Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110.

The second proposition contended for in the brief of the Reconstruction Finance Corporation is phrased by it as follows: "Unless a sale of pledged securities would so hinder, obstruct or delay the preparation and consummation of a plan of reorganization under Section 77 as probably to prevent it, the court is without jurisdiction to restrain the sale." The court does not understand this to be a correct statement of the law. Continental Illinois Bank & Trust Co. v. Chicago, Rock Island & Pacific Railway Co., supra.

The third point contended for by the Reconstruction Finance Corporation in its brief is stated by it as follows:

"Assuming that this is a case in which the court has jurisdiction to enjoin such a sale, the court in the exercise of a wise discretion should modify his order as requested:

"(a) The original order contemplated only reasonable delay and in view of the lapse of time since the entry of the order it should now be modified as requested."

The court cannot agree that the exercise of a wise discretion would bring about a modification of the restraining order in question. As has been indicated, the only reason stated anywhere for the proposed modification of the restraining order is the statement of the legal conclusion that the Reconstruction Finance Corporation may suffer irreparable damage if the restraining order is not modified so as to permit the sale of the collateral. No facts are stated in the petition or are found elsewhere in the record which justify this conclusion. Particularly, it is not stated anywhere by any person that the securities in question are likely to decrease in value, and the court cannot see any reason why conservative, interest-

bearing, investments should be converted into noninterest-bearing cash.

█ The court cannot agree that there has been any unreasonable delay in the prosecution of this proceeding. As a matter of fact, neither the Reconstruction Finance Corporation nor the Railroad Credit Corporation, nor any other party, says that there has been an unreasonable delay. It seems to the court that the question as to whether or not a bankruptcy proceeding, including a proceeding under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205 note, is being prosecuted with reasonable expedition, or is not being so prosecuted, is an altogether different question from the question as to whether or not some part of the property of the debtor should be permitted to be sold prior to the consummation of a plan of reorganization. If any party to this proceeding is of the opinion that it is being unreasonably delayed, the court would very much prefer that that party come into court, by petition or motion, and say so, and ask either for a rule on the parties to speed the cause or for a dismissal of the proceeding for want of prosecution. If this is done, the court then has a clear cut issue before it which can be determined. If in the proceeding at bar there has been any unreasonable delay which would require the court to turn out collateral to the Reconstruction Finance Corporation, such delay would require the court to relieve all other parties to the proceeding from the injunction and permit them to pursue their rights in whatsoever tribunals they deem best. In this connection, the petition of the Reconstruction Finance Corporation says that there was a four months' extension of time granted to the debtor without notice to the Reconstruction Finance Corporation. This is a misstatement of fact, probably inadvertently made, but that it is a misstatement appears from the letters attached to the answer of the trustee in bankruptcy.

█ The last point made by the Reconstruction Finance Corporation in its principal brief is phrased as follows: "(b) The sale of the collateral in question not only will not interfere with the operation of the railroad, but will benefit the Debtor's estate." The facts in the record do not justify this conclusion. To convert conservative interest-bearing securities into cash and to hold the cash will not benefit anyone. To permit the collateral to be converted into cash and paid to the Reconstruction Finance Corporation and Railroad Credit Corporation will have the effect of preferring creditors without any reason for such preference.

In its reply brief, for the first time, the Reconstruction Finance Corporation makes the point that no cause was shown for the making of the restraining order. The court cannot agree with this proposition, but is of the opinion that there was a sufficient showing for the making of the order at the time of its entry, and if there was no sufficient showing then, the petition of the Reconstruction Finance Corporation for a modification of the order and the evidence introduced on the hearing of the petition for the modification of the order do support the order.

In order to clarify the situation, perhaps it would be well for the court to enumerate the propositions which it believes to be controlling in a proceeding such as that at bar:

█ 1. A bankruptcy proceeding under section 77 should be prosecuted with expedition. In such a case, the court takes into its control large aggregations of property belonging to the litigants. The court cannot manage such property as well as it can be managed outside of court. Accordingly, for the protection of litigants and the court, the proceeding should be prosecuted with the greatest degree of expedition consistent with the number and importance of the questions involved and the number of personalities involved. The court does not believe that this rule has been violated in the present case.

█ 2. Bearing in mind that the proceeding should be expeditiously prosecuted, so as to result in the approval of a plan of reorganization or other final order, the estate of the debtor should be preserved in the condition it comes into court, except to the extent that it is necessary or advisable to change the character of some item or items of the estate for the benefit of all parties in interest. This rule would permit the sale of assets which are likely to depreciate in value or which, perhaps, are of doubtful value to the estate. This rule will not, however, permit the payment of secured creditors by permitting them to sell their collateral and convert it into cash.

█ 3. The relative rights, interests, and preferences of the various classes of cred-

itors and stockholders should be preserved, certainly until there has been a hearing on some plan of reorganization. (Even a plan of reorganization should not be permitted to change the relative rights, interests and preferences of the persons interested in the estate of the debtor.) This means that neither secured nor unsecured creditors should be permitted to take preferences, even though such preferences are proposed to be taken by the sale of collateral.

The petition of the Reconstruction Finance Corporation and that of the Railroad Credit Corporation to modify paragraph 9 of Order No. 1, will be denied.